IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,   No. CIV S-09-0882-JAM-CMK-P

      Plaintiff,

  vs.   ORDER

D.K. SISTO, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegation appear to stem from two separate incidences in which he was strip searched for contraband during family visitations, and placed in a contraband watch cell thereafter. Plaintiff claims that the strip search was ordered without good cause, the strip search was conducted improperly, the conditions of the contraband watch cell were unsanitary, he was denied access to toilet facilities, and he was denied his medication. He appears to be claiming his First, Fourth, and Eighth Amendment rights have been violated.

## II. DISCUSSION

1.  Order for Strip Search

Plaintiff's first claim is that defendant Jones reported that he had received contraband during his visits with his daughter, which resulted in the strip search and confinement in the contraband watch cell. He argues that defendant Jones made that report in retaliation for his daughter's behavior.

In order to state a claim under 42 U.S.C. § 1983 for retaliation based on the First Amendment, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v.

Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 4098 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

To the extent Plaintiff is claiming his First Amendment rights were violated due to retaliation, he has not stated a claim as he has not identified what protected activity he was engaged in.

However, it is possible that Plaintiff instead is claiming his Fourth Amendment rights were violated by defendant Jones' actions. Prisoners have limited Fourth Amendment

rights. Michenfelder v. Sumner, 860 F.2d 328, 333-34 (9th Cir. 1988). Strip searches do not violate prisoners' Fourth Amendment Rights unless they are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." Id. at 332-33. Plaintiff could be claiming that defendant Jones's actions were motivated by a desire to harass Plaintiff, and she acted vindictively in falsely reporting possible contraband in order to subject Plaintiff to the strip search. The court cannot conclude that plaintiff's allegations render it implausible that plaintiff will meet these the requirements to prove a violation of his Fourth Amendment rights. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

        2.       Conduct During Strip Search

Plaintiff next claims that the defendants' behavior during the strip search violated his Eighth Amendment rights. He argues defendants Garcia, Realander, Oseguerra, Pavich, and Webster[1] harassed and ridiculed him during the strip search.

A prisoner's Eighth Amendment rights may be violated both by verbal harassment and by strip searches. See Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (verbal harassment), Hudson v. Palmer, 468 U.S. 517, 530 (1984) (strip searches). Either type of conduct only violates the Eighth Amendment if, (1) objectively, the official's act or omission must be so serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Thus, for a claim of verbal harassment to constitute an Eighth Amendment violation, the harassment must be "calculated to... cause [the prisoner] psychological damage." Oltarzewski, 803 F.2d at 139. Here, Plaintiff's allegations could support the inference that the comments and the order to strip were motivated to harass plaintiff. The court cannot conclude that plaintiff's allegations render it

---

[1] Defendant Webster was included in the list of defendants, but his name does not appear on the docket. The Clerk of the Court will therefore be directed to add Webster's name to the docket as a defendant.

implausible that plaintiff will meet these two requirements.  See Iqbal, 129 S. Ct. at 1949.

        3.        Conditions of Confinement

Plaintiff also argues that the conditions of his confinement violate his Eighth Amendment rights.  He claims defendant Sisto is forcing him to live in inhumane and unsanitary living conditions without water, a toilet, heat, blankets or medication.  Plaintiff does not, however, claim Sisto is individually responsible for his living conditions.  Instead, he simply makes conclusory statements that as the former warden, Sisto forced him to live in inhumane conditions.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's conclusory statements as to Sisto's liability are insufficient to state a claim for violation of his Eight Amendment rights.  In addition, in order to state a claim against Sisto, Plaintiff would have to allege Sisto actually participated in or directed the alleged violations.  Here, he has not done so.

    4.    Denial of Access to Toilet Facilities

Plaintiff next claims that during his confinement in the contraband watch cell, he was denied use of toilet facilities by defendants Muhammad, McCorkle, Easterling, Garcia, Yang, Shchebenko, Elisara, La, Bucad, Salee, Lowery, and Newsom.[2]

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

---

[2] Lowery and Newsom were not included in the list of defendants Plaintiff names in his complaint.  However, Plaintiff included allegations against them, and apparently intended to name them as defendants.  The Clerk of the Court will therefore be directed to add them as defendants on the docket.

"food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

The court cannot conclude that plaintiff's allegations relating to the defendants' refusal to allow him access to toilet facilities render it implausible that plaintiff will meet the requirements for proving a violation of his Eighth Amendment rights. See Iqbal, 129 S. Ct. at 1949.

/ / /

5.  Denial of Medication

Finally, Plaintiff claims that defendant Shchebenko took his medication, destroyed it, and refused to allow him to take his medication during his confinement in the contraband watch cell.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

///

The court cannot conclude that plaintiff's allegations that defendant Shchebenko destroyed his medication and refused to allow him medication during his time in the contraband watch cell render it implausible that plaintiff will meet the requirements for proving a violation of his Eighth Amendment rights.  See Iqbal, 129 S. Ct. at 1949.

### III.  CONCLUSION

Plaintiff's complaint is sufficient to state a claim against Jones for violation of his Fourth Amendment rights, but not his First Amendment rights, regarding her participation in the ordering of the strip search.  It is also sufficient to state a claim for a violation of his Eighth Amendment rights against defendants Muhammad, McCorkle, Easterling, Garcia, Yang, Shchebenko, Elisara, La, Bucad, Salee, Lowery, Newsom and Webster for the denial of toilet facilities, defendants Garcia, Realander, Oseguerra, Webster and Pavich for their conduct during the strip search, and defendant Shchebenko for denial of medication.  However, as currently written, the complaint is insufficient to state a claim regarding the conditions of his cell and the conduct of warden Sisto.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

However, Plaintiff need not file an amended complaint in order to proceed in this action.  Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file an amended complaint within 30 days of the date of service of this order; and

2. The Clerk of the Court is directed to add the following individuals as defendants on the docket: Lowery, Newsom, and E. Webster.

DATED: December 14, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE