IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,            No. CIV S-09-0882-JAM-CMK-P

        Plaintiff,

   vs.                       FINDINGS AND RECOMMENDATIONS

D.K. SISTO, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 17).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his amended complaint that his Fourth and Eighth Amendment rights have been violated by several defendants in relation to an excessive strip search, denial of toilet facilities, denial of blankets, and denial of medication.

## II.  DISCUSSION

The court issued an order after screening Plaintiff's original complaint, finding the complaint sufficient to state a claim against most of the named defendants.  However, the court also found some claims lacking, and the failure to allege any facts as against defendant Sisto.  The court informed Plaintiff that he had a choice in how to proceed, either continuing with his original complaint or filing an amended complaint.  He was informed as the defects in his complaint and how to cure those defects if he chose to do so.  Plaintiff was further informed that if he chose to file an amended complaint, the amended complaint would supersede the original, and that the court could not refer to the prior pleading in order to make Plaintiff's amended complaint complete.  This required Plaintiff to restate all of his claims completely in an amended complaint.

In addition, the court specifically informed Plaintiff of the necessity of alleging facts specific to each defendant he claims violated his constitutional rights.  The court stated:

> To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v.

Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

(Doc. 14).

Plaintiff chose to file an amended complaint instead of proceeding on his original. In his amended complaint, he fails to allege any facts as to three named defendants: Sisto, Elisara and La. Defendant Sisto is stilled named as a defendant in the caption of the amended complaint, as well as being included in the list of defendants. However, there are no facts alleged against defendant Sisto, and the only place defendant Sisto's name appears is in the caption and the list of defendants. In addition, Plaintiff includes defendants Elisara and La in the list of defendants and includes their names on the "Table of Contents" as one of the individuals who denied him toilet facilities. However, no facts are alleged in the amended complaint as to these two individuals. Including them in the list of defendants and identifying them as one of the individuals who denied him toilet facilities is insufficient to state a claim against them. Although Plaintiff's original complaint was sufficient as against these two additional individuals, his amended complaint is not. As he chose to file the amended complaint, he cannot rely on the facts alleged in his original.

### III.  CONCLUSION

Plaintiff was provided an opportunity to correct the deficiencies in his complaint. He has failed to do so. Because it appears plaintiff is either unable or unwilling to cure the defects in his complaint, plaintiff is not entitled to additional leave to amend prior to dismissal of the these three defendants. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en

3

banc).

Based on the foregoing, the undersigned recommends that Sisto, Elisara and La be dismissed from this action, and this action proceed as against the remaining defendants only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 26, 2010

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE