IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,              No. CIV S-09-0882-JAM-CMK-P

    Plaintiff,

  vs.                                <u>ORDER</u>

D.K. SISTO, et al.,

    Defendants.

_____/

         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are two motions from plaintiff to compel further discovery responses from the defendants. (Docs. 38, 39). Defendants have filed an opposition to each motion (Docs. 41, 42).

         The scope of discovery is generally governed by Federal Rule of Civil Procedure 26(b). Rule 26(b)(1) provides that "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or

1

that reasonably could lead to other matters that bear on, any issue that is in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26. See id. Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. See id. at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. See id.

Discovery may not, however, be obtained regarding matters which are privileged. See Fed. R. Civ. P. 26(b)(1). Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case. See Baldridge v. Shapiro, 455 U.S. 345 (1982). The question of privilege is determined by reference to the Federal Rules of Evidence. See Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979). Generally, questions of privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. However, in civil actions which do not raise a federal question, the question of privilege is determined by state law. See Fed. R. Evid. 501. But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the two shall be read together in order to accommodate the legitimate expectations of the state's citizens." Pagano v. Oroville Hosp., 145 F.R.D. 683, 687 (E.D. Cal. 1993).

In addition, relevant non-privileged discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. See Fed. R. Civ. P. 26(b)(2).

/ / /

Here, plaintiff seeks an order for further responses to his request for production of documents. His first position is that the defendants failed to respond within the time provided, so they have waived any objection to his requests. Second, he claims the defendants failed to provide adequate responses to several requests, including requests 2, 6 - 11, 18, 22, and 25. Defendants argue their responses were timely and their objections were proper, and also that in addition to the objections, and without waiving such objections, proper responses were provided.

Timeliness

The court's discovery and scheduling order provides that responses to discovery requests are due 45 days after the request was served. (See Order, Doc. 25). Here, plaintiff alleges he served the requests for production of documents on August 19, 2010.[1] Given the 45-day response period in the court order, the defendants' responses were due on October 4, 2010.[2] Defendants' provide a copy of the responses to plaintiff's discovery requests which were sent on October 4, 2010, according to the proof of service attached. The responses, therefore, were not untimely, and the defendants did not waive their objections.

Responses

Plaintiff next argues the responses received were inadequate in that the defendants objected to the requests on the basis of relevancy and privacy, but the documents requested are highly relevant, and there are no privacy concerns. Defendants counter that although they did set forth objections to some of the requests, which they maintain were proper objections, they also appropriately responded to the requests by stating they did not have within their possession, custody or control documents responsive to the request. Plaintiff fails to address the defendants'

---

[1] The court notes that while defendants do not object to the date plaintiff alleges he sent the discovery requests, the request plaintiff provides is actually dated August 20, 2010. However, regardless of whether the requests were sent on August 19 or August 20, the date the responses were due is the same given the weekend deadline.

[2] Forty-five days from August 19, 2010, was Sunday, October 3, 2010. The responses were therefore due the following business day, Monday, October 4, 2010.

assertion that they do not possesses or have custody or control over responsive documents.

The requests in question here are requests numbers 2, 6 - 11, 18, 22, and 25. In request number 2, plaintiff requested various equipment/use logs and post orders. In request numbers 6 and 7 , plaintiff requested documents received, read or reviewed by the defendants related to strip searches, including training, policies, and procedures. Request number 8 asked for documents received by the defendants related to employee sexual misconduct during strip searches. Request number 9 asked for any complaints filed against the defendants for misconduct during strip searches. Request numbers 10 and 11 asked for policies on the use of holding cells and training related to release of restraints during toilet breaks. Request number 18 asked for documents related to supplemental reports generated as a result of plaintiff's removal from the visiting room. Request number 22 asked for documents relating to Citizen Complaints filed against Officer M. Jones from January 1, 2007, to the present. Request number 25 asked for documents relating to the B-Side visiting rear strip area from October 1, 2007, to the present.

Defendants objected to several of these requests on the basis that they are overbroad and burdensome, irrelevant, sought confidential personnel documents, contained confidential information about other inmates, or that the request was vague or confusing. However, as to each of the requests at issue here, the defendants also responded: "Not waiving these objections, Defendants do not have possession, custody or control of any responsive documents." Accordingly, this is not a case wherein the court is only evaluating the objection given, but rather the response provided.

Plaintiff's second motion to compel only addresses request number 2. In that motion, he states he is requesting that the defendants be ordered to produce the real name of the John Doe defendant who signed a form, CDC-114-A, produced by defendants in response to the discovery requests. Plaintiff argues that the defendants objected on the basis of inmate privacy, which is not accurate based on the information sought. Defendants' argue they did not object to request number 2, bur rather responded that they did not have possession, custody or control of

4

any responsive document. Plaintiff fails to address the defendants' actual response, but argues that the defendants' objection is inaccurate and that the material sought is relevant. The court notes that nowhere in request number 2 did plaintiff ask for the identity of any individual. Rather, plaintiff states his request was for the production of:

> Any and all equipment/use log as defined by CSP-Solano CDC-114-A Inmate Segregation record of daily activity sheet. from October 14, 15, 16, 17, 18, <u>19</u>, 20, 21, 22, 23, 24, 25, 2007. Post Orders <u>signed</u> by defendant JOHN DOE #1 10-19-07.

Rule 34(a) allows a party to seek production of documents within "the responding party's possession, custody, or control." In a moving to compel such a production, the burden is on the party seeking discovery to produce facts showing the responding party has the requisite control over the documents requested. See <u>Pitney Bowes, Inc. v. Kern Intern., Inc.</u>, 239 F.R.D. 62, 66 (D. Conn. 2006).

Here, defendants responded to plaintiff's request for documents by stating, in addition to any objections, that they did not have possession, custody or control over any documents responsive to plaintiff's request. Plaintiff fails to meet his burden to show that the defendants are in possession or have control over such documents. In fact, plaintiff does not even respond to the defendants' assertion that they lack possession of the documents. As plaintiff does not meet his burden, his motions to compel must be denied.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motions to compel (Docs. 38, 39) are denied.

DATED: June 22, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE