IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. CIV S-09-0882-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D.K. SISTO, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's request for help located defendants Webster and McCorkle.

The undersigned has issued findings and recommendations that defendant McCorkle be dismissed form this action for failure to timely serve and because the claims stated against him cannot be maintained. The claims against defendant McCorkle are the same as were stated against several of the other defendants. The undersigned determined that plaintiff is not able to meet his burden to show there is a genuine issue as to any material fact related to the denial of his use of toilet facilities during his Contraband Surveillance Watch (CSW). The undersigned has therefore recommended summary judgment be granted as to those claims. As

1

1  those are the only claims relating to defendant McCorkle, providing plaintiff additional
2  opportunity to serve defendant McCorkle would not be beneficial.
3        However, plaintiff states defendant Webster denied him access to a shower or any
4  hygiene during his time on CSW, a claim he does not make against any other defendant.  These
5  claims have therefore not been addressed, and remain outstanding.  Facilitating service on
6  defendant Webster, therefore, is in the court's interest in order to bring this action to its
7  conclusion.
8        Plaintiff indicates in his request that per this court's order, he has attempted to
9  obtain the current business or residential address of defendant Webster from the litigation
10 coordinator at California State Prison Solano.  Plaintiff states that no response to his request was
11 received over a thirty-day period.  The U.S. Marshal returned the summons addressed to
12 defendant Webster as unexecuted, indicating that defendant Webster had retired.
13       The court therefore requests the assistance of defense counsel in completing
14 service on defendant Webster.  The defendants in this action are represented by the California
15 Attorney General's Office.  Counsel is therefore requested to make inquiries with the California
16 Department of Corrections and Rehabilitation and/or California State Prison Solano, to
17 determine if there is a current address available for defendant Webster.  The court acknowledges
18 the security risk involved with divulging a residential address for any current or former employee
19 of CDCR, and therefore requests that if counsel is able to obtain a current address for defendant
20 Webster, to notify the court of such and submit the address to the court under seal.  If an address
21 is obtained, the court will request service by the U.S. Marshal without disclosing the address to
22 plaintiff.  Alternatively, counsel may obtain a waiver of service from defendant Webster, and file
23 the waiver of service in leu of providing the court with defendant Webster's current address.
24       Accordingly, IT IS HEREBY ORDERED that defense counsel shall make such
25 inquiries as are available to obtain a current address for defendant Webster within 20 days of the
26 date of this order.  Counsel shall then submit defendant Webster's current address to the court,

under seal, within that time or notify the court that inquiry has been made and no such address is obtainable. Alternatively, counsel may obtain a waiver of service from defendant Webster, and file the waiver with the court within the time provided.

DATED: March 2, 2012

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE