IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. CIV S-09-0882-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for temporary restraining order (Doc. 68). In his motion, Plaintiff states J. Silva is denying him access to his inmate file, thus interfering with this access to the court. He is requesting the court order J. Silva and the defendants to stop interfering with his rights, and to keep them from transferring him to another institution.

    The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

1

1  Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a
2  lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer
3  controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
4  1052 (9th Cir. 2009).  Under Winter, the proper test requires a party to demonstrate: (1) he is
5  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
6  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
7  interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

8        First, plaintiff is requesting injunctive relief against individuals who are not
9  named as defendants in this action.  This court is unable to issue an order against individuals who
10 are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc.,
11 395 U.S. 100, 112 (1969).  The only individual identified in plaintiff's motion is J. Silva, who is
12 not a party to this action.  His request must, therefore, be denied on that basis.

13       Second, as for his possible transfer, plaintiff makes no showing of irreparable
14 injury.  He fails to state how his transfer to another prison will cause him any injury.  Moreover,
15 prisoners do not have a liberty interest in avoiding being transferred to another prison.  See Olim
16 v. Wakinekona, 461 U.S. 238, 245 (1983).

17       Finally, plaintiff claims he is being retaliated against for exercising his First
18 Amendment right.  While prisoners generally may not be transferred in retaliation for exercising
19 their First Amendment rights, see Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995), plaintiff
20 has not yet been transferred nor does he state there is an immediate transfer order in place.  Even
21 if plaintiff is later transferred for a retaliatory purpose, there would still be no irreparable injury
22 because such a transfer could give rise to a separate civil rights action for damages.

23       If plaintiff believes his rights are being denied, he may utilize the inmate
24 grievance procedures and/or file a separate civil action.
25 / / /
26 / / /

2

Based on the foregoing, the undersigned recommends that plaintiff's motion for a temporary restraining order (Doc. 67) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


 DATED:  March 5, 2012

                                            _____
                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE