IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN BARTHOLOMEW,                                No. CIV S-09-0882-JAM-CMK-P

    Plaintiff,

  vs.                                                                        ORDER

D.K. SISTO, et al.,

    Defendants.

_____ /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's first amended complaint (Doc. 17) against defendant Webster only.  All other defendants have either been dismissed from the action, or judgment has been entered in their favor.  Pending before the court is plaintiff's motion for leave to file a second amended complaint (Doc. 85).

        Plaintiff's original complaint was filed on March 31, 2009.  The court screened the original complaint, finding it sufficient to state a claim against several defendants, but not warden Sisto.  Plaintiff was provided an opportunity to file an amended complaint, which he did on January 11, 2010.  The court again found the amended complaint sufficient to state a claim against several defendants, but not others.  The court therefore authorized service against some,

1

and dismissed other defendants from this action.  Service was then completed as to most of the defendants, and an answer was filed in August 2010.  Other defendants filed subsequent answers upon completion of service.  However, service was returned unexecuted against two of the defendants, Webster and McCorkle.  The remaining defendants filed a motion for summary judgment in July 2011.  The motion was granted, and judgment was entered in favor of all defendants except Webster.  Defense counsel was then requested to assist the court in obtaining a current service address for defendant Webster, which was provided to the U.S. Marshal to complete service.  While service was outstanding against defendant Webster, but after judgment was entered in favor of the other defendants, plaintiff filed his motion for leave to file a second amended complaint.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading " once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

        Plaintiff offers no reason for his request to file a second amended complaint.  His motion consists of one paragraph, wherein he simply states his request that he be granted leave of court to file a second amended complaint.  His second amended complaint does not alter his basic claims against defendant Webster.  Rather, it appears plaintiff is attempting to add a new

defendant to this action, the Secretary of the California Department of Corrections, Mathew Cate, on the basis of supervisor liability.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff fails to allege Mathew Cate was directly involved in any of the alleged Constitutional violations he complains about. Instead, he claims Cate should be held liable for his failure to properly train and supervise. Such allegations are insufficient to state a claim against a supervisory defendant. As no claim is altered against the one remaining defendant, Webster, in the amended complaint, and the amended complaint fails to state a claim against the

1  newly named defendant, Cate, allowing the second amended complaint would be futile and serve
2  no purpose other than a delay in the resolution of this action.
3       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to file a
4  second amended complaint (Doc. 85) is denied, and this action will proceed on the first amended
5  complaint (Doc. 17).

7  DATED: November 16, 2012

   　　　　　　　　　　　　　　　　　　　　　　 _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE