**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN BARTHOLOMEW, | No. 2:09-cv-0882-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| D.K. SISTO, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Webster's motion for summary judgment (Doc. 98). Plaintiff filed an opposition to the motion (Doc. 100), and defendant filed his reply thereto.

      Defendant Webster is the last remaining defendant in this action. Due to service issues, defendant Webster was not served with the complaint until after the other defendants' motion for summary judgment was granted.

///

///

///

1

# I. BACKGROUND

## A. Plaintiff's Allegations

This case proceeds on plaintiff's amended complaint (Doc. 17) against defendant Webster only, on a claim for violation of plaintiff's Eighth Amendment rights by denying plaintiff a blanket and hygiene, including a shower, soap, and toothbrush, during his time Contraband Search Watch (CSW). All other claims and defendants were addressed in the defendants' prior motion for summary judgment, including the claims against defendant Webster relating to the use of the toilet and urinating in clothes. As only plaintiff's claim regarding his hygiene while in CSW remain in this case, the reasons as to why he was placed in CSW are no longer relevant.

As stated in his complaint, plaintiff's last remaining claim is as follows:

> Defendant E. J. Webster on 2-10-08 at CSP-Solano Contraband Surveillance Watch (CSW) denied Plaintiff access to toilet, blanket, shower, and hygiene as harassment when Plaintiff urinated on himself. Defendant denied Plaintiff a shower to wash the urine from his body.

(Amend. Compl., Doc. 17, at 9). As a result of the acts of defendant Webster, plaintiff claims he was humiliated and degraded.

## B. Defendant's Evidence

In support of his motion, defendant has submitted a declaration wherein he states that on February 10, 2008, he was assigned to work at the CSW from 2:00 p.m. to 10:00 p.m., and supervised the watch officers who watched plaintiff. According to the CSW log, which is attached as an exhibit to defendant Webster's declaration, plaintiff requested to urinate at 9:20 p.m., and was provided a urinal. Defendant Webster was present and observed plaintiff urinate in the urinal, which was then noted on the log. Defendant Webster states that "[to] the best of my recollection inmate Bartholomew did not urinate on himself while he was on CSW from February 10, 2008." (Webster Decl., Doc. 98-4, at 3).

///

C.     **Plaintiff's Evidence**

In support of his opposition, plaintiff submits his own declaration.[1] In his declaration, plaintiff states he was placed on CSW on February 10, 2008. He states he "asked the defendant E. Webster the (CSW) Supervising Sergeant on duty for a toilet break, soap, towel and shower, to wash away the urine/feces from Plaintiff's body, Defendant E. Webster denied this request." (Pl. Decl., Doc. 100-3, at 2). Plaintiff then states the holding cell was inhumane.[2] Relevant here, plaintiff states there was no soap, toothbrush, toothpowder, towel, utensils, or blanket, and the cell was cold. He further "asserts that he was not allowed to wash his hands with soap or water to remove the urine/feces from his hands for the six days that he was confined in CSW." (Id. At 4).

## II. STANDARD FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the

---

[1] Some of the facts alleged in plaintiff's declaration are irrelevant to the motion as they outline what occurred in the visiting room and when he was removed therefrom. Plaintiff's removal from the visiting room and his placement in holding in CSW are no longer issues to be addressed in this case. The only remaining claim involves plaintiff's treatment while on CSW involving his hygiene. Thus, the undersigned does not outline the facts stated in the declaration that are irrelevant.

[2] It is unclear if plaintiff is referring to the CSW cell or the holding cell he was placed in during transition. However, the condition of the cell is not the remaining claim in this case. Rather, the one remaining claim is that defendant Webster denied plaintiff's request for a shower and other hygiene items, as well as a blanket.

moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see

Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### III.  DISCUSSION

In his motion for summary judgment, defendant argues the evidence shows that plaintiff was not subjected to cruel and unusual punishment while on CSW on February 10, 2008, and that he is entitled to qualified immunity. Defendant Webster argues that the evidence shows plaintiff did not urinate on himself on February 10, 2008, but was provided a urinal which he used. Defendant Webster further argues plaintiff was denied a blanket and shower due to the confines of CSW, and the possibility of concealing contraband in the blanket or excreting and disposing of it in the shower. He contends these procedures are approved by the Ninth Circuit, and he acted appropriately. Plaintiff counters, arguing that defendant Webster violated his rights by denying his request for a shower, a blanket, as well as adequate toilet access.[3]

The one remaining claim, as quoted above, is that defendant Webster denied plaintiff's request for a shower after having urinated in his clothes, other hygienic items, and a blanket. To the extent plaintiff attempts to embellish on this claim, he is limited to the claim as framed in his complaint. There is no allegation in the complaint that plaintiff defecated in his

---

[3] As stated before, the issue of adequate toilet access has previously been addressed, and is no longer relevant in this case. To the extent plaintiff continues to argue this claim, the court need not address it.

clothes, or had feces on his body requiring cleaning, and it is too late in this case to alter the claim at this point.

As set forth in the court's prior findings, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "Indeed, only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment Violation." Wilson v. Seiter, 501 U.S. 294, 298 (quoting Rhodes, 452 U.S. at 347). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). However, temporary unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Viewing the evidence in a light most favorable to plaintiff, it does not establish either that the denial of a shower, other hygienic supplies, or of a blanket was sufficiently serious nor that defendant Webster acted with a sufficiently culpable state of mind. The remaining claim is that defendant Webster denied plaintiff proper hygiene while on CSW, including a shower after he urinated on himself, soap to wash, a toothbrush, and a blanket. The claim as framed in

the complaint is that defendant Webster denied him these items on one day, February 10, 2008. Although he argues in his opposition that he was on CSW for six days, he only alleges he asked defendant Webster for these items and a shower one time, on his first day on CSW. There is no allegation or evidence that defendant Webster was on duty for the rest of plaintiff's CSW, nor that plaintiff ever requested these items from defendant Webster another time.

Objectively, the conditions plaintiff faced in CSW were no doubt harsh. However, harsh and restrictive conditions are insufficient to violate the Eighth Amendment in a prison setting. The one time denial of a shower, while a prisoner is on CSW, does not rise to the level of an Eighth Amendment violation. While not being able to wash urine off his body was no doubt uncomfortable, there was no risk of any lasting damage to plaintiff. The court previously determined it is undisputed that each time plaintiff soiled himself during his time on CSW, he was provided fresh clean jumpsuit. There is nothing here to indicate plaintiff was denied clean clothes, only that he was not allowed a shower. Plaintiff submits in his declaration that on February 10, 2008, he requested use of the toilet, but before that request could be honored, he urinated on himself. He then submits that he requested a shower, and defendant Webster denied that request. Plaintiff's declaration contradicts the CSW log, which indicates that plaintiff successfully urinated in the urinal on February 10, 2008, during defendant Webster's watch. However, taking plaintiff's declaration as believable, that he urinated in his clothes and was thereafter denied a shower by defendant Webster on February 10, 2008, such is still insufficient to raise to the level of an Eighth Amendment violation. Being denied one shower request does not amount to cruel and unusual punishment. The situation was temporary. There is no allegation that defendant Webster continuously denied plaintiff's requests for a shower and other hygienic items for the entire six days he was on CSW. Rather, plaintiff alleges defendant Webster was on duty one day, February 10, 2008, and denied him all forms of hygiene for that one day. One day of no hygienic items while on CSW is insufficient to rise to the level of an Eighth Amendment violation. Indeed, courts have found prisoners Eighth Amendment rights

were not violated while suffering far worse conditions. See e.g., Chappell v. Mandeville, 706 F.3d 1052, 1057-62 (9th Cir. 2013). Similarly, the denial of a blanket while on CSW is insufficient, without more, to rise to the level of an Eight Amendment violation.

In addition, there is no evidence that defendant Webster acted with a sufficiently culpable state of mind to meet the second requirement. Defendant Webster provides reasons for denying plaintiff's shower and blanket request, indicating that prisoners on CSW are not allowed these in order to avoid the possibility of concealing or disposing of the possible contraband, the very reason they are on CSW. Plaintiff provides no evidence to counter this. He fails to provide any evidence to show the defendant acted with an alternate motivation, much less that he acted maliciously and sadistically. See LeMaire v. Maass, 12 F.3d 1444, 1452-54 (9th Cir. 1993) (citing Whitley v. Albers, 475 U.S. 312, 320-22 (1986) (finding heightened standard appropriate when considering prison security)).

### IV.  CONCLUSION

Plaintiff fails to show a genuine issue as to any material fact that the defendant Webster violated his Eighth Amendment rights by denying him hygiene and a blanket on February 10, 2008.[4] Thus, defendant's motion for summary judgment should be granted.

Based on the foregoing, the undersigned recommends that:

1.    Defendant Webster's motion for summary judgment (Doc. 98) be granted; and

///

---

[4] Defendant Webster also raised a qualified immunity defense in his motion, as did the defendants in the prior motion. However, as in the prior findings and recommendations, because as the undersigned has found the claims raised are insufficient against the defendant, it is not necessary to address the qualified immunity issue. See Saucier v. Katz, 533 U.S. 194, 205 (2001). If the undersigned were to address the claim, however, it is not likely that a reasonable correctional officer in a similar circumstance would have thought his/her conduct would have violated plaintiff's Eighth Amendment rights by denying plaintiff a blanket, shower or other hygienic items for the short time he was on CSW. See Chappell v. Mandeville, 706 F.3d 1052, 1057-62(9th Cir. 2013) (finding defendants entitled to qualified immunity for harsh contraband watch conditions).

        2.       The Clerk of the Court be directed to enter judgment in favor of the defendants and close this case.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 20, 2013

                                                                  **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE